Citation Nr: 1452642 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 03-05 288 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Sarah Richmond, Counsel


INTRODUCTION

The Veteran served on active duty from June 1955 to October 1957. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2002 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts in which the RO, in pertinent part, denied service connection for a psychiatric disability, claimed as depression. 

In March 2005, the Board remanded this case for the purpose of affording the Veteran the opportunity to appear at a Board hearing. In September 2005, the Veteran testified at a hearing. A transcript of that hearing is associated with the Veteran's VA claims folder and has been reviewed. 

In a February 2006 decision, the Board reopened a claim of service connection for an acquired psychiatric disability and denied the claim on the merits. The Veteran appealed the February 2006 Board decision to the United States Court of Appeals for Veterans Claims (the Court). In a March 2008 memorandum decision, the Court vacated the Board's decision as to the denial of service connection for an acquired psychiatric disability and remanded the matter to the Board. 

In a September 2008 and again in June 2010, the Board remanded the issue of entitlement to service connection for an acquired psychiatric disability for additional development. Thereafter, in August 2011, the Board referred the psychiatric claim for a VHA medical expert opinion, and in October 2011, such opinion was received. 

The Board subsequently denied service connection for the psychiatric disability in a March 2012 decision. However, the Veteran again appealed the Board's decision to the Court. In a November 2013 memorandum decision, the Court vacated the Board's March 2012 decision and remanded the case back to the Board. Specifically the Court indicated that the Board needed to verify that the doctor who provided the October 2011 VHA opinion, Dr. V.U., was a psychiatrist. The Board has since received a copy of Dr. U.'s resume, which indicates that she is indeed Board certified in psychiatry. The Veteran and his representative were provided with a copy of Dr. U.'s credentials and submitted additional argument without waiving RO review of the new evidence. 

During the course of the remand, the Veterans Law Judge (VLJ) who presided over the September 2005 Board hearing stopped working at the Board. VA regulations provide that the VLJ who presides over the hearing shall participate in making the final determination in the claim. 38 C.F.R. § 20.707 (2014). In a March 2010 letter, the Veteran was informed of this development and he was another hearing. He declined such offer by correspondence subsequently dated in March 2010. As such, the Board may proceed.

As noted in the prior 2008, 2010, and 2012 Board remands, the issues of service connection for residuals of a fracture of the left hand and clear and unmistakable error (CUE) in a June 1976 rating decision have been raised by the record, via the Veteran's most recent statement dated in April 2011, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

As noted above, the Veteran indicated in September 2014 that he did not waive RO review of additional evidence and argument that has been submitted since the RO's last review of the record, which includes VA medical opinions and VA treatment records showing psychiatric treatment dated through July 2014, as well as statements and arguments from the Veteran and his representative. Therefore, remand is required.

In addition, the Veteran's representative raised an alternate theory of entitlement to service connection for a psychiatric disorder, to include as secondary to his service-connected hearing loss on an October 2014 brief. This matter should be addressed, as well.

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Make arrangements to obtain additional relevant records from the VAMC in Boston dated from June 2010 to May 2014 and since July 2014 to present pertaining to psychiatric treatment.

2. Send a notice letter addressing the criteria for substantiating a service connection claim for a psychiatric disorder secondary to hearing loss.

3. Make arrangements to obtain a medical opinion from a VA psychiatrist or psychologist to address whether it is at least as likely as not (50 percent or greater probability) that any present psychiatric disorder was caused, or alternatively, aggravated (permanently worsened) beyond the natural progress of the disorder by the Veteran's service-connected hearing loss. 

Also please provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any present psychiatric disorder was caused by any disease, injury, or event in service, including his being placed in solitary confinement.

In making these assessments, in addition to any other relevant history, please consider the following:

(a) The service treatment records showing that, in August 1957, the Veteran was hospitalized for observation following a reported suicide attempt after being placed in solitary confinement following an altercation with another inmate in the stockade; and diagnosed with schizoid personality, chronic, moderate, manifested by reacting with unsociability, slight flattening of affect, lack of direction and purpose, and a mild degree of thinking disorder: predisposition, chronic, lifelong pattern. The examiner concluded that the Veteran was unfit for further duty as a result of his schizoid personality;

(b) VA psychiatric examination in March 2002 noting the Veteran reported that he had been depressed on and off his entire life, but then stated that his depression began during his time in active service; and diagnosis of antisocial personality disorder, based on repeated arrests, impulsivity (fighting with other soldiers), irritability, irresponsibility (manifested by the inability to maintain employment), and aggressiveness; and presence of a cognitive disorder with onset before the age of 15; 

(c) VA and private outpatient treatment records dated from March 2002 through 2014 noting diagnoses of depression and major depressive disorder;

(d) VA examination in January 2011 noting an Axis I diagnosis of "[d]epression based on the Veteran's reported symptoms of lack of motivation, anhedonia, poor sleep, and lack of concern over whether he lives or dies"; and alcohol abuse and dependence, severe and continuous. An Axis II diagnosis of personality disorder, not otherwise specified (NOS), was also provided; 

(e) VHA medical expert opinion in October 2011 from Dr. V.U., a Board certified psychiatrist, noting that the Veteran's symptoms and history meet the criteria for alcohol-induced mood disorder with depressive features and alcohol abuse, according to the American Psychiatric Association 's Diagnostic Manual, DSM IV-TR; and

(f) The Veteran's lay statements concerning the onset of his depression in service.
 
If warranted, the examiner should examine the Veteran prior to making these assessments.

The claims file must be made available to, and reviewed by, the examiner. Any appropriate testing should be conducted.

Please provide a complete rationale for your opinion(s). If you cannot answer the above questions without resorting to speculation or remote possibility, please indicate why that is so. If any of the examiner's findings are speculative in nature, it is essential that he or she provide a rationale for why an opinion cannot be provided without resort to speculation, together with a statement as to whether there is additional evidence that would enable an opinion to be provided or whether the inability to provide the opinion is based on the limits of medical knowledge. 

4. Next, review the medical opinion obtained above to ensure that the remand directives have been accomplished. If all questions posed are not answered or sufficiently answered, return the case to the examiner for completion of the inquiry.

5. Finally, readjudicate the claim on appeal with consideration of all additional information that has been added to the record since the last Supplemental Statement of the Case in June 2009. If the benefit remains denied, issue the Veteran and his representative a Supplemental Statement of the Case and allow for a reasonable period to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).